UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRAVIN MICHAEL LISTER,

      Plaintiff,

                                      Civil Action 2:14-cv-269
    v.                               Judge Michael H. Watson
                                       Magistrate Judge Elizabeth P. Deavers

PICKAWAY COUNTY SHERIFF'S
OFFICE, *et al.*,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Travis Michael Lister, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants[1] used excessive force in violation of his rights under the Eighth Amendment. He also alleges that Defendants conspired to cover-up their actions by modifying the video evidence of the assault. This matter is before the Court for consideration of Plaintiff's Motion to Appoint Counsel. (ECF No. 2.) With respect to the appointment of counsel in civil cases, the Court has the statutory authority to make such an appointment under 28 U.S.C. § 1915(e). The exercise of that authority, however, is limited to truly extraordinary situations. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The Court has evaluated the factors used to assess whether such circumstances exist in

---

[1] Plaintiff names the following as Defendants: the Pickaway County Sheriff's Office, Sheriff Robert B. Radcliff, Lieutenant Troy Rine, Commanding Officers Ronald James Reynolds, David Cody Griffen, Cody E. Moore, Brian Lee Arnold, Cole D. Hopkins, Rachael Alicia Smith, Clerk of Courts James Dean, and Judy C. Wolford.

this case, and has determined that the appointment of counsel is not warranted at this time. Plaintiff's Motion is, therefore, **DENIED WITHOUT PREJUDICE**.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, the Undersigned **RECOMMENDS** that Plaintiff's claims against the Pickaway County Sheriff's Office, Sheriff Robert Radcliff, Clerk of Courts James Dean, and Judy C. Wolford be **DISMISSED** for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

## I.

The Court assumes for the purpose of the initial screen that the following allegations contained in Plaintiff's Complaint are true. On March 20, 2013, at approximately 11:15 A.M., Defendants Moore, Griffen, and Hopkins shackled Plaintiff, handcuffed him, and placed him in a restraint chair. Plaintiff maintains that, after he spent about thirty minutes in the restraint chair, Defendant Reynolds struck him in the back of his head then began to strangle and choke him. Plaintiff submits that several witnesses were present for the assault and that Defendant Reynolds continued to assault him until one of the witnesses yelled out "that's enough Reynolds." (Compl. ¶ 2, ECF No. 1-2.) He contends that another witness stated that they needed to "do something about that camera." (*Id.*)

Plaintiff maintains that, after the assault, Defendants left him in the restraint chair until Defendant Smith noticed him while checking on other prisoners. Plaintiff informed Defendant Smith that he had been assaulted. Defendant Smith left to find a supervising officer. She returned with a supervising officer and Defendant Reynolds. Defendant Reynolds denied assaulting Plaintiff. Plaintiff requested medical care but the supervising officer did not allow him to obtain treatment. Plaintiff maintains that, after denying him medical treatment for his injuries, the officers left him in the restraint chair until approximately 2:27 P.M.

Following the events on March 20, 2013, Plaintiff took several steps to address the alleged assault. He filed grievances within his institution. He wrote to Pickaway County Sheriff Robert Radcliff and Clerk of Courts James Dean for help "in a legal manner," but received no response to those letters. (*Id.* at ¶5.) Plaintiff also mailed a criminal complaint to James Dean. According to Plaintiff, Mr. Dean did not file the complaint.

Plaintiff's parents also tried to address the March 20, 2013 incident by meeting with Defendant Rine and viewing the videotape of the incident. Based on his parents' reports, Plaintiff asserts that Defendants conspired to tamper with the videotape to remove evidence of the assault.

Plaintiff asks the Court to complete an investigation into the events surrounding the March 20, 2013 incident, to file criminal charges against the Defendants involved, and for monetary damages.

## II.

Congress enacted 28 U.S. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

3

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>  \*  \*  \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. Aug. 14, 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III.**

At this time, the Court will allow Plaintiff to proceed on his claims against Defendants Rine, Reynolds, Griffen, Moore, Arnold, Hopkins, and Smith. The Undersigned concludes, however, that Plaintiff has failed to state a claim upon which relief may be granted with regard to his claims against the Pickaway County Sheriff's Office, Sheriff Robert Radcliff, James Dean, and Judy C. Wolford.

### A. Plaintiff's Claims Against the Pickaway County Sheriff's Office and Sheriff Robert Radcliff

In his Complaint, Plaintiff's only claim involving the Pickaway County Sheriff's Office is as follows:

> I also wrote letters reaching out for help in a legal manner to Sheriff Robert Radcliff[,] U.S. Marshal Service[,] and James Dean Clerk of Courts and others[.] Still I received no responses to my letters asking for help.

(Compl. ¶ 11, ECF No. 1-2.) As best as the Court can discern, Plaintiff is alleging that the Pickaway County Sheriff's Office failed to provide him with legal assistance related to his claims against the prison officers. The Sheriff's Office, however, does not have an affirmative duty to provide Plaintiff with legal help. *See Glover v. Johnson*, 75 F.3d 264, 267 (6th Cir. 1996) ("'The fundamental constitutional right of access to the courts requires *prison authorities* to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or assistance from persons trained in the law.'") (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977) (emphasis added)); *Knopp v. Johnson*, 977 F.2d 996, 1005 (6th Cir. 1992) (concluding that the Constitution did not require Michigan to provide legal assistance to prisoners in their civil lawsuits). Plaintiff does not allege that the Sheriff's Office is a prison authority denying his right of access to the Courts. He indicates only that he wrote a letter to Sheriff Radcliff and received no response. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the Pickaway County Sheriff's Office and Sheriff Radcliff.

### B. Plaintiff's Claims against Defendant James Dean

Plaintiff asserts two claims against Pickaway County Clerk of Courts James Dean. First, Plaintiff maintains that he mailed a letter to Mr. Dean asking for legal help, but received no response. As addressed above, Mr. Dean had no affirmative obligation to provide Plaintiff with

legal help in filing a civil lawsuit. Plaintiff does not allege that Mr. Dean is a prison authority thwarting his access to the courts. *Glover*, 75 F.3d at 267. Plaintiff, therefore, fails to state a claim against Mr. Dean for not responding to Plaintiff's letter requesting legal help.

Second, Plaintiff states that he mailed a criminal complaint against the Defendants to Mr. Dean, but Mr. Dean did not file the complaint. Construing the Complaint liberally, the Court assumes Plaintiff is alleging that he was denied access to the courts because he was unable to bring a criminal complaint against prison staff.

Plaintiff has failed to allege that Mr. Dean deprived him of access to the courts by not filing his criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").[2] Plaintiff, therefore, was not deprived of access to the courts when Mr. Dean purportedly did not file the criminal complaint that Plaintiff mailed to his office. Plaintiff, therefore, has failed to state a claim upon which relief can be granted against Mr. Dean.[3]

---

[2] Relatedly, Plaintiff asks the Court to conduct an investigation into the events surrounding the March 20, 2013 incident and to file criminal charges against the Defendants involved. Applying the foregoing, this Court does not have the authority to launch criminal investigations or file criminal charges because those decisions rest in the prosecutor's discretion. *Bordenkircher*, 434 U.S. at 364.

[3] Moreover, the Clerk of Court is entitled to absolute quasi-judicial immunity against Plaintiff's claims under § 1983 for monetary damages. *See Smith v. Shelby Cnty., Tenn.*, 3 Fed. App'x 436, 437-38 (6th Cir. 2001).

### C.  Plaintiff's Claims Against Defendant Judy C. Wolford

Plaintiff names Judy C. Wolford as a Defendant in this action, but does not mention her at all in the remainder of his Complaint.  Having provided no facts, Plaintiff, therefore, fails to state a claim upon which relief can be granted against Judy C. Wolford.

### IV.

Accordingly, the Court will allow Plaintiff to proceed on his claims for monetary damages against Defendants Reynolds, Griffen, Moore, Arnold, Hopkins, Smith, and Rine for excessive use of force and conspiracy.  The Undersigned **RECOMMENDS** that Plaintiff's claims against Defendants Pickaway County Sheriff's Office, Sheriff Robert Radcliff, James Dean, and Judy C. Wolford be **DISMISSED** for failure to state a claim upon which relief may be granted.  Accordingly, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order.  Each Defendant is **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and Summons.  Furthermore, the Clerk is **DIRECTED** to mail a courtesy copy of the Complaint and this Order to the Ohio Attorney General's Office.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  April 2, 2014                                             /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge