UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRAVIN MICHAEL LISTER,

      Plaintiff,

                                      Civil Action 2:14-cv-269
    v.                           Judge Michael H. Watson
                                     Magistrate Judge Elizabeth P. Deavers

PICKAWAY COUNTY
SHERIFF'S OFFICE, *et al.*,

      Defendants.

**ORDER and REPORT AND RECOMMENDATION**

      Plaintiff, Travin Michael Lister, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants,[1] alleging that they violated his Fifth, Eighth, and Fourteenth Amendment rights.  (Compl. ¶ 12, ECF No. 4.) More specifically, Plaintiff alleges that Defendants used excessive force and were deliberately indifferent to his serious medical needs.  He also alleges that Defendants conspired to conceal their actions and altered video evidence of the alleged incident.

      On September 11, 2014, pursuant to an initial screen under 28 U.S.C. § 1915(e), the Court dismissed Plaintiff's claims against Defendants Pickaway County Sheriff's Office, Sheriff Robert Radcliff, Clerk of Courts James Dean, and Prosecutor Judy C. Wolford for Plaintiff's failure to state a claim upon which relief can be granted.  This matter is currently before the Court for consideration of the remaining Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 18), Plaintiff's Response in Opposition to Defendants' Motion for Partial

---

[1]Plaintiff filed the instant action against Defendants Pickaway County Sheriff's Office, Corrections Officer ("C.O.") Ronald James Reynolds, C.O. David Cody Griffen, C.O. Cody E. Moore, C.O. Brian L. Arnold, C.O. Cole D. Hopkins, C.O. Rachel A. Smith, Lieutenant Troy Rine, Robert B. Radcliff, James Dean, and Judy C. Wolford.

Judgment on the Pleadings (ECF No. 25), and Defendants' Reply (ECF No. 27). In addition, this matter is before the Court for consideration of Defendants' Motion for Partial Summary Judgment (ECF No. 20), Plaintiff's Response in Opposition to Defendants' Motion for Partial Summary Judgment (ECF No. 28), and Defendants' Reply (ECF No. 29). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Partial Judgment on the Pleadings be **GRANTED IN PART** and **DENIED IN PART** and that Defendants' Motion for Partial Summary Judgment be **GRANTED**.

Also before the Court is Plaintiff's Motion to Appoint an Expert (ECF No. 11) and Defendants' Response in Opposition to Plaintiff's Motion to Appoint an Expert (ECF No. 14). For the reasons that follow, Plaintiff's Motion to Appoint an Expert is **DENIED.**

## I. BACKGROUND

On March 24, 2014, Plaintiff filed his Complaint, alleging that Defendants violated his constitutional rights while he was incarcerated at Pickaway Correctional Institution ("PCI"). According to Plaintiff, he was assaulted and subsequently denied adequate medical treatment.

Plaintiff alleges that on March 20, 2013, at approximately 11:15 A.M., Defendants Moore, Griffen, and Hopkins handcuffed his hands behind his back and placed him in a restraint chair. He further alleges that, at approximately 11:47 A.M., several officers removed the handcuffs from behind his back and strapped his arms and legs to the restraint chair. Plaintiff maintains that, while he was secured to the chair, Defendant Reynolds approached him from behind and struck him in the back of the head two times. He alleges that Defendant Reynolds proceeded to grab the back of his neck, put both hands around it, choke him, and pull him upwards. (Pl.'s Compl. at ¶ 3, ECF No. 4.)

2

According to Plaintiff, Defendants Moore, Griffen, Arnold, Hopkins, and Smith were present during the assault and were laughing.  Plaintiff contends that the assault continued until one of the officers yelled "that[']s enough Reynolds" and physically pulled Defendant Reynolds off of Plaintiff.  (*Id.*)  Plaintiff alleges that the officers then walked away, and that while doing so, Defendant Reynolds yelled "we need to do something about that camera."  (*Id.*)

Plaintiff recounts that when a female supervising officer eventually arrived, he told her that Defendant Reynolds had assaulted him.  He alleges that he asked for medical treatment but the officer told him "no."  (*Id.* at 5.)  Plaintiff further alleges that he was left alone in the restraint chair until 2:27 P.M, at which time he was taken to an isolation cell.  Plaintiff contends that when he finally did receive medical attention, he was diagnosed with post-traumatic stress disorder.

Upon hearing about the incident, Plaintiff's parents went to PCI and demanded to see Plaintiff.  According to Plaintiff, Defendant Rine denied his parents' request to see him.  Plaintiff submits, however, that his parents met with Defendant Rine and watched the video recording of the incident.  Plaintiff maintains that the video recording was altered so that it immediately stops when Defendant Reynolds begins attacking him.  As a result, Plaintiff alleges that Defendants tampered with the video recording to destroy evidence of the incident.

On March 24, 2014, Plaintiff filed the instant action, seeking monetary damages resulting from Defendants' violations of his Fifth, Eighth, and Fourteenth Amendment rights.

## II.    DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### A.    The Parties' Arguments

Defendants filed a Motion for Partial Judgment on the Pleadings, moving the Court to dismiss several of Plaintiff's claims.  First, Defendants contend that the Court should dismiss Plaintiff's Fifth Amendment claim because the Fifth Amendment only applies to federal government officials' conduct.  In his Response in Opposition, Plaintiff acknowledges that "the Defendants are correct in that the action . . . 'cannot proceed under the Fifth Amendment.'" (Pl.'s Resp. in Opp. 2, ECF No. 25.)  Plaintiff asserts that he is nevertheless entitled to bring his claims under the Fourteenth Amendment.

Defendants also ask the Court to dismiss Plaintiff's claims, if any, under the Ohio Constitution, as the Ohio Constitution does not provide a private right of action for violations of due process.  In his Response, Plaintiff submits that he does not assert any claims under the Ohio Constitution.  Consequently, Defendants acknowledge in their Reply that their Motion is moot as to their challenge of Plaintiff's potential Ohio Constitution claim.

In addition, Defendants contend that Plaintiff has failed to state a plausible claim against Defendant Rine for excessive force or deliberate indifference.   Defendants assert that Plaintiff does not allege that Defendant Rine either actively participated in or passively witnessed the alleged use of force or deliberate indifference to Plaintiff's medical needs.  In his Response, Plaintiff only contends that Defendant Rine is aware of the video evidence of his assault and that "it could very well have been Rine himself who destroyed said evidence."  (*Id*. at 3.)

Finally, Defendants contend that Plaintiff's claims related to Defendants' use of the restraint chair and denial of visitation rights should be dismissed as matter of law.  In his

Response, Plaintiff asserts that his claims related to the Defendants' use of the restraint chair and denial of a visit from his parents should not be dismissed because, under certain circumstances, each of these actions can amount to a constitutional violation.  Plaintiff further asserts that discovery is needed on both of these issues in order to determine whether his rights were violated.

In their Reply, Defendants maintain that Plaintiff has failed to meet the standards necessary to withstand judgment on pleadings for the above mentioned claims.

**B.  Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss.  *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

5

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## C.   Analysis

As a preliminary matter, because Plaintiff denies asserting any claims under the Ohio Constitution, the Undersigned **RECOMMENDS** that Defendants' Motion be **DENIED AS MOOT** insofar it challenges any such claims. For the reasons that follow, the Undersigned concludes that the remainder of Defendants' Motion for Partial Judgment on the Pleadings should be granted.

### 1.    Fifth Amendment Claims

The Court concludes that, to the extent Plaintiff asserts claims under the Fifth

Amendment, those claims should be dismissed.  Defendant is correct that "[t]he Fifth

Amendment circumscribes only the actions of the federal government; the *Fourteenth*

Amendment restricts the activities of the states and their instrumentalities."  *LaBorde v. City of*

*Gahanna*, 946 F.Supp.2d 725, 731 (S.D. Ohio 2013).  The Undersigned therefore

**RECOMMENDS** that Defendants' Motion be **GRANTED** as to Plaintiff's claims under the

Fifth Amendment.

### 2.    Defendant Rine

Plaintiff, however, has failed to state a claim upon which relief may be granted against

Defendant Rine for excessive force or deliberate indifference to his medical needs.  To bring a

cause of action under Section 1983, a Plaintiff must plead that a person acting under color of law

has caused a deprivation of a right that is secured by the Constitution or a law of the United

States.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution."  *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails to allege personal involvement on the part of Defendant Rine

sufficient to render him liable under Section 1983.  Plaintiff does not assert any facts that

demonstrate that Defendant Rine used excessive force on Plaintiff, that Defendant Rine

witnessed any other Defendant use excessive force on Plaintiff, or that Defendant Rine was

deliberately indifferent to Plaintiff's medical needs.  In both his Complaint and Response to

Defendants' Motion for Partial Judgment on the Pleadings, Plaintiff only submits that Defendant Rine denied him the opportunity to visit with his parents and that Defendant Rine may have been involved in tampering with the video recording. Plaintiff has therefore failed to plead factual content that would allow this Court to conclude that Defendant Rine engaged in excessive force or deliberate indifference to Plaintiff's medical needs. Thus, the Undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED** in this regard and that Plaintiff's claims against Defendant Rine for use of excessive force and deliberate indifference be dismissed.

### 3. Use of the Restraint Chair

The Undersigned concludes that dismissal is appropriate for Plaintiff's claims arising out of Defendants' use of the restraint chair. "A restraint chair may be properly used to restore control over an individual who is in custody or to prevent such an individual from harming himself." *Fletcher v. Vandyne*, No. 2:07-cv-325, 2009 WL 1687956, at *14 (S.D. Ohio June 11, 2009); *see also Crace v. Efaw*, No. 2:09-cv-551, 2012 WL 3962799, at *10 (S.D. Ohio Sept. 10, 2012) (finding that the use of a restraint chair was not excessive where plaintiff was only in the restraint chair long enough for officers to ensure that he posed no threat of harm); *Grinter v. Knight*, 532 F.3d 567, 573-74 (6th Cir. 2008) (finding that the "Due Process Clause does not give rise to a liberty interest in freedom from four-point restraints" where plaintiff was placed in a four-point restraint chair for four hours after he was accused of assaulting a guard).

In the instant action, Plaintiff fails to provide the Court with the facts necessary to determine whether Defendants' use of the restraint chair amounted to a constitutional violation. Because restraint chairs can be properly used, Plaintiff must allege facts that would render Defendants use of the restraint chair excessive in order to state a claim. Plaintiff does not

8

explain why he was put in the restraint chair.  Moreover, he does not assert any facts that would render the use of restraint chair unreasonable. For example, he fails to provide any facts or argument to indicate that he was not resisting or that he was not presenting a threat of harm to the officers or other inmates.  Given that Plaintiff's Complaint is devoid of factual assertions necessary for the Court to conclude that Defendants violated Plaintiff's constitutional rights by use of the restraint chair, the Undersigned **RECOMMENDS** that Plaintiff's claims related to the restraint chair be **DISMISSED WITHOUT PREJUDICE**.[2]

### 4.    Restriction of Visitation Rights

Finally, the Undersigned concludes that judgment on the pleadings is appropriate for Plaintiff's claims arising out of Defendants' denial of a visit from Plaintiff's parents.

"Many of the liberties and privileges enjoyed by other citizens must be surrendered by [] [prisoners]." *Overton v. Bazetta*, 539 U.S. 126, 131 (2003).  "[A] prisoner retains only those rights 'that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections systems.'"  *Bazetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).  "[F]reedom of association is among the rights least compatible with incarceration."  *Overton*, 539 U.S. at 131 (finding that certain regulations restricting prisoners' visitation rights did not violate the Due Process Clause). The right to association is not completely terminated upon imprisonment, however.  *Id.*

---

[2]As set forth above, the Court concludes that Plaintiff has failed to state a constitutional claim because he has not presented sufficient factual allegations to demonstrate that Defendants' use of the restraint chair amounted to excessive force.  If Plaintiff intends to pursue this claim, he must file a Motion for Leave to Amend his Complaint with the Court, demonstrating good cause why the Court should allow him to do so, and attach a proposed Amended Complaint setting forth all facts supporting this claim in detail.  Nothing in this Order and Report and Recommendation should be construed as a determination on the merits of any such Motion to Amend.

Regulations restricting the right to association must "bear a rational relation to legitimate penological interests." *Id.* at 132.  Courts, however, "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.*  Further, the burden is on the prisoner to prove that a regulation is not rationally related to a legitimate penological interest. *Id.*  Other relevant factors for courts to consider are whether inmates have alternative means to exercise their right of association, what impact an accommodation of the right would have on guards, inmates, and prison resources, and whether a "ready alternative" to the regulation exists. *Id.*

Here, Plaintiff has failed to demonstrate that Defendants' restriction of his visitation rights was not rationally related to a legitimate penological interest.  In his Complaint, Plaintiff alleges that his parents went to MCI to visit him and Defendant Rine denied their request.  He does not explain the circumstances of the denial.  Further, Plaintiff asserts, without further explanation, that discovery is needed in order to determine whether his rights were violated by the denial.  Under these circumstances, Plaintiff has not pled factual allegations sufficient to withstand judgment on the pleadings.  Denial of a single visit from his parents does not, standing alone, present a constitutional claim.  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims arising out of Defendants' restriction of Plaintiff's visitation rights.

**D.    Summary**

In sum, the Undersigned **RECOMMENDS** that Defendants' Motion for Partial Judgment on the Pleadings be **GRANTED** as to (1) Plaintiff's Fifth Amendment claims, (2)

Plaintiff's claims against Defendant Rine for excessive force and deliberate indifference, (3) Plaintiff's claims arising out of use of the restraint chair; and (4) Plaintiff's claims arising out of Defendants' refusal to allow Plaintiff's parents to visit.  The Undersigned also **RECOMMENDS** that Defendants' Motion for Partial Judgment on the Pleadings be **DENIED AS MOOT** insofar as it relates to potential claims under the Ohio Constitution.

### III.    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**A.    The Parties' Arguments**

Defendants also filed a Motion for Partial Summary Judgment, requesting dismissal of Plaintiff's Eighth Amendment claim.  (ECF No. 20.)  Defendants contend that, because Plaintiff admits that he was a state pretrial detainee at the time of the incident, he is precluded from asserting a claim for excessive force or deliberate indifference under the Eighth Amendment. Plaintiff filed a Response in Opposition, in which he conceded that he cannot bring a claim under the Eighth Amendment.  (ECF No. 28.)  Plaintiff contends, however, that he does have a legitimate claim under the Fourteenth Amendment.

**B.    Standard of Review**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party."  *Stansberry v. Air Wisc. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R.

Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## C.    Analysis

The Undersigned concludes that Plaintiff does not state a valid claim under the Eighth Amendment.  It is well-established that the Eighth Amendment does not apply to pretrial detainees. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) ("The Eighth Amendment does not apply to pretrial detainees."); *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005) ("While the Eighth Amendment does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment does provide them with a right to adequate

12

medical treatment."). Further, it is undisputed that Plaintiff was a pretrial detainee at the time of the alleged incident. Indeed, in his response to Defendants' Request for Admissions and in his Response in Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff explicitly acknowledges that he was a pretrial detainee at the time of the alleged assault and denial of medical treatment. Accordingly, Plaintiff's Eighth Amendment claim fails as a matter of law. The Undersigned therefore **RECOMMENDS** that the Court **GRANT** Defendants' Motion for Partial Summary Judgment.[3]

### III. PLAINTIFF'S MOTION TO APPOINT AN EXPERT/INVESTIGATOR

**A. The Parties' Arguments**

In his Motion to Appoint an Expert/Investigator, Plaintiff contends that he needs an investigator to "fully and fairly" litigate his claims. (Pl.'s Mot. to Appt. an Exp., ECF No. 11.) Plaintiff requests that the Court hire and pay the costs of an investigator to help him obtain evidence, investigate his claims, and to assist him with preparation of and presentation of his claims. (*Id.*)

Defendants filed a Response in Opposition to Plaintiff's Motion, arguing that Plaintiff's Motion lacks legal and factual support. First, Defendants emphasize that "[b]ecause this is a civil matter, [The Criminal Justice Act,] 18 U.S.C. § 3006A(e)(1) – which authorizes the

---

[3]Plaintiff can proceed, however, with his claims of excessive force and deliberate indifference against Defendants, with the exception of Defendant Rine, under Section 1983 and the Fourteenth Amendment. *See Gray*, 389 F.3d at 615-16 ("[T]he Due Process Clause of the Fourteenth Amendment does provide [pretrial detainees] with a right to adequate medical treatment."); *see also Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) ("[T]he Fourteenth Amendment's Due Process Clause, which 'protects a pretrial detainee from the use of excessive force that amounts to punishment.'")

13

appointment of investigators, experts, and other professionals for indigent criminal defendants –
does not apply." (Def.'s Resp. to Pl.'s Mot. to Appt. an Exp. 2, ECF No. 14 (emphasis omitted).)
Defendants submit that the proper analysis of Plaintiff's Motion is under Federal Rule of
Evidence 706, which does not permit the appointment of an investigator in this case. Finally,
Defendants argue that Plaintiff does not require an investigator to gather the information he
seeks. Defendants contend that Plaintiff can acquire the information he seeks through standard
discovery mechanisms.

**B. Analysis**

As a threshold matter, Defendants are correct that The Criminal Justice Act, 18 U.S.C. §
3006A(e)(1), which provides for appointment of counsel, experts, investigators, and other
services to indigent criminal defendants under certain circumstances, does not apply to civil
cases. 18 U.S.C. § 3006A(e)(1). Rather, Federal Rule of Evidence 706 applies.

"Under Fed. R. Evid. 706, appointment of an expert 'rests solely in the Court's discretion
and is to be informed by such factors as the complexity of the matters to be determined and the
Court's need for a neutral, expert view.'" *Stanley v. Ohio Dep't. of Rehab.*, No. C2-02-178,
2002 WL 31844686, *3 (S.D. Ohio Dec. 12, 2002) (quoting *Pabon v. Goord*, No. 99-CIV-5869,
2001 WL 856601, *1 (S.D.N.Y. July 30, 2001)). Furthermore, "courts may appoint an expert 'if
scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the
evidence or decide a fact in issue.'" *Id.* (quoting *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th
Cir. 1999)). A court should not, however, "appoint expert witnesses under Rule 706 in order to
aid a litigating party." *Hughes v. Lavender*, No. 10-cv-674, 2011 WL 2550740, *1 (S.D. Ohio,

14

June 23, 2011). Additionally, the *in forma pauperis* statute, 28 U.S.C. § 1915(e), "does not provide for the appointment of an expert witness to assist an indigent plaintiff." *Id.*

At this juncture, the Court perceives no need for expert testimony to resolve the motions before it. The parties have not presented complex matters that would necessitate an expert. Moreover, Plaintiff has not explained how an expert would assist the trier of fact to understand or decide the issues in this case.

The Court notes, however, that Plaintiff's Motion can also be construed as a motion to appoint counsel. Nevertheless, Plaintiff's Motion is denied. Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* at 606. The Court has evaluated whether such exceptional circumstances exist in this case, and determines that the appointment of counsel is not warranted at this stage. Accordingly, Plaintiff's Motion to Appoint an Expert is **DENIED**. (ECF No. 11.)

## V.

For the reasons set forth herein, it is **RECOMMENDED** that Defendants' Motion for Partial Judgment on the Pleadings be **GRANTED** as to (1) Plaintiff's Fifth Amendment claims, (2) Plaintiff's claims against Defendant Rine for excessive force and deliberate indifference, (3) Plaintiff's claims arising out of use of the restraint chair; and (4) Plaintiff's claims arising out of Defendants' refusal to allow Plaintiff's parents to visit, and **DENIED AS MOOT** insofar as it relates to potential claims under the Ohio Constitution. (ECF No. 18.) In addition, it is

15

**RECOMMENDED** that Defendants' Motion for Partial Summary Judgment be **GRANTED**. (ECF No. 20.)  Finally, Plaintiff's Motion to Appoint an Expert is **DENIED**.  (ECF No. 11.)

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: December 9, 2014                    /s/ *Elizabeth A. Preston Deavers*_____
                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge

17